Stephen C. Woodruff
Attorney and Counselor at Law
2nd Flr., Hill Law Ofc. Bldg., Susupe
Tokcha Avenue at Lulai Way
P. O. Box 500770
Saipan, MP 96950
Tel.: (670) 235-3872
Fax: (670) 235-3873

Attorney for Plaintiffs

FILED
Clerk
District Court

MAR -6 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

AURELIO T. LACBAYO and ) Civil Action No. CV 08- 0013
ASUNCION P. TUDELA, )
)
Plaintiffs, ) COMPLAINT
)
-v- )
)
WATABE WEDDING, )
)
Defendant. )
)

# I
## NATURE OF THE ACTION

1. This is an action against Defendants under Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000e., *et seq.*, as amended, for their unlawful and discriminatory employment practices towards Plaintiffs in violation of Plaintiffs' federally-protected rights.

2. Plaintiffs complain about employment discrimination based on national origin and other impermissible grounds described in this Complaint, including, but not limited to: (a) discriminatory policies, practices, and/or procedures with respect to compensation, terms, conditions, or privileges of employment, (b) discriminatory policies, practices, and procedures with respect to firing and layoffs; and (c) retaliatory

discharge. Plaintiffs are seeking punitive damages, liquidated damages, consequential damages, lost earnings, lost employment benefits, costs, and attorney's fees to redress Defendant's unlawful and discriminatory employment policies, practices, and/or procedures.

## II
## JURISDICTION AND VENUE

3.  Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended, ("Title VII") applies to this matter through the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Article V, § 502(a)(2).

4.  This Court has jurisdiction over Plaintiffs' Title VII claims pursuant to 42 U.S.C. § 2000e-5(e)(3), 28 U.S.C. § 1331(a) (federal question jurisdiction), and 28 U.S.C. § 1337(a) (proceedings arising under any Act of Congress regulating commerce).

5.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-(f)(1) and (3).

6.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5.(f)(3) because Defendant's unlawful and discriminatory employment practices alleged herein were committed in Saipan, Commonwealth of the Northern Mariana Islands.

## III
## PROCEDURAL REQUIREMENTS

7.  On March 29, 2007, Plaintiffs filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") in Saipan, Commonwealth of the Northern Mariana Islands. The charges were filed within one hundred eighty

1  (180) days after the occurrence of one or more of the unlawful and discriminatory employment practices alleged herein pursuant to 42 U.S.C. § 2000e.5(e)(1).

8.  On December 4, 2007, the EEOC issued to each Plaintiff Notices of Right to Sue. Plaintiffs are filing this complaint within ninety (90) days after the date they received the Notices of Right to Sue in compliance with 42 U.S.C. § 2000e-5(f)(1) and 29 U.S.C. § 626(e). Attached hereto as **Exhibits "1"** and **"2"** and incorporated by reference are true copies of the Notices of Right to Sue.

9.  All jurisdictional prerequisites to the institution of this lawsuit have been fulfilled, and Plaintiffs have exhausted their administrative remedies as required by law.

## IV
## PARTIES

10.  Plaintiffs are, and at all relevant times were, residing in Saipan, Commonwealth of the Northern Mariana Islands (CNMI), and were employees of Defendants, within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.(f).

11.  Defendant **WATABE WEDDING**, on information and belief, is, and at all relevant times was, a corporation organized and existing under the laws of the CNMI having its principal place of business in Saipan, CNMI.

12.  Defendant is, and at all relevant times was, engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e.(g)(h) and employed more than 15 employees, and was an employer of Plaintiffs within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.(b).

# V
# STATEMENT OF FACTS

13. Plaintiffs are both citizens of the Republic of the Philippines.

14. Plaintiff Aurelio T. Lacbayo (Lacbayo) was employed as a driver from August 2001 until his termination on February 11, 2007.

15. Plaintiff Asuncion P. Tudela (Tudela) was employed as a dress maintenance person from September 2000 until her termination on February 5, 2007.

16. Plaintiffs, at all relevant times, were among three (3) Filipino workers employed by Defendant. A majority of Defendant's employees are Japanese citizens.

17. Defendant classified its employees into "part-time" and "full-time" employees.

18. Plaintiffs, both Filipinos, were classified as "part-time" employees, while Japanese employees were classified as "full-time" employees.

19. As matter of policy, Defendant provided "full-time" Japanese employees with certain employment benefits, including, but not limited to, paid annual vacation, paid holidays, paid sick leave, and medical insurance coverage, which benefits were not provided to Plaintiffs who were classified as "part-time" employees.

20. There was no rational basis for Defendant's classification of Japanese employees into "full-time" employees and Plaintiffs into "part-time" employees because Plaintiffs like the so-called "full-time" Japanese employees, were, at all relevant times, performing work for Defendant in excess of forty (40) hours a week.

21. Moreover, Plaintiffs have been classified and treated as "part-time" employees since the date that they were hired until their termination in February 2007, while Japanese employees were immediately classified as "full-time" employees at date of hiring or shortly thereafter.

22. Plaintiffs are informed and believe, and thereupon allege, that national origin was the sole motivating factor in Defendant's classification of its employees, which practice resulted to Plaintiffs' deprivation of employment benefits and privileges.

23. Moreover, during their entire employment and up until about October 23, 2006 when the parties settled Plaintiffs' overtime claims, Plaintiffs suffered discrimination in overtime compensation.

24. Sometime in October 2006, Plaintiffs complained to Defendant about discrimination in overtime compensation in that, unlike the Japanese employees, Plaintiffs were not paid at the overtime rate the hours they worked in excess of 40 hours per week.

25. On October 23, 2006, Defendant offered to pay Plaintiffs their claimed unpaid overtime wages. As a condition to Defendant's paying Plaintiffs' unpaid overtime wages, Defendant required each Plaintiff to sign a document entitled "Settlement Agreement and Waiver of Claims" (Settlement Agreement).

26. Notwithstanding the execution of the Settlement Agreement, Defendant failed to take corrective measures and continued its discriminatory practice and policies against Plaintiffs.

27. Defendant continued its practice of classifying Plaintiffs as "part-time" employees, and the Japanese employees as "full-time" employees, thereby continuously depriving Plaintiffs of employment benefits and privileges accorded to "full-time" employees including, but not limited to, paid annual vacation, paid holidays, paid sick leave, and medical insurance coverage.

28. On various dates in February 2007, and after Plaintiffs had complained to Defendant about the discrimination in overtime compensation, Defendant terminated Plaintiffs' employment.

29. The ground offered by Defendant for Plaintiffs' termination was that Defendant was downsizing its Saipan office.

30. The ground of termination offered by Defendant for Plaintiffs' termination was pretextual. Plaintiffs were terminated in retaliation for Plaintiffs' complaining about differential treatment on overtime compensation, and other discriminatory practices of Defendant, and because of national origin.

31. Sometime in March 2007, Defendant again attempted to have each Plaintiff sign another "Agreement and Waiver", but Plaintiffs refused to sign the agreement.

32. The differential treatment between Filipino workers, like Plaintiffs, and Japanese workers, in terms of, *inter alia*, compensation, terms, conditions, or privileges of employment, and in firing and layoffs occurred as a pattern and practice throughout Plaintiffs' employment with Defendant.

33. As a result of Defendant's pattern and practice of discrimination based on national origin, Plaintiffs experienced harm, including loss of earnings, wages, and other employment benefits. Plaintiffs were subjected to national origin discrimination at work, so severe and pervasive, that affects the terms and conditions of their status as employees.

# VI
# CAUSES OF ACTION

### First Cause of Action
### Discrimination in Terms, Conditions, or Privileges of Employment

34. Paragraphs 1 through 33 above are incorporated herein by reference as if fully pleaded in this First Cause of Action.

35. Defendant's discrimination against Plaintiffs on account of their national origin constitutes an unlawful employment practice in violation of 42 U.S.C. § 2000e-2(a)(1)(2).

36. Defendant's unlawful and discriminatory practices as alleged above deprived Plaintiffs of equal employment opportunities or otherwise adversely affected their status as employees due to their national origin.

37. As a direct and proximate result of Defendant's unlawful and discriminatory practices, Plaintiffs were deprived of employment benefits to which they would otherwise have been entitled.

38. Defendant engaged in the above-described conduct against Plaintiffs with malice and in reckless disregard of Plaintiffs' federally-protected rights thereby entitling Plaintiffs to punitive damages in an amount to be determined at trial.

### Second Cause of Action
### Retaliatory Discharge

39. Paragraphs 1 through 38 above are incorporated herein by reference as if fully pleaded in this Second Cause of Action.

40. Defendant has intentionally violated 42 U.S.C. § 2000e-3(a), by terminating Plaintiffs for opposing Defendant's discriminatory practices, policies, and procedures against Plaintiffs.

41. Plaintiffs' termination has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for past and future pecuniary losses, mental anguish, humiliation, loss of enjoyment of life, and other non-pecuniary losses.

42. Defendant had acted maliciously and with reckless disregard of Plaintiffs' federally protected rights by retaliating against Plaintiffs thereby entitling each Plaintiff to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request for the following relief:

(1) An award of punitive damages and lost employment benefits according to law and proof under the First Cause of Action;

(2) An award of economic damages in the form of lost earnings, lost benefits, pecuniary losses, interest as permitted by law, and punitive damages according to law and proof under the Second Cause of Action;

(3) An award of reasonable attorney's fees and costs; and

(4) Such other and further relief as the Court deems just and proper.

DATED this 6th day of March, 2008.

_____
STEPHEN C. WOODRUFF
Attorney for Plaintiffs

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  Aurelio D. Lacbayo<br>P.O. Box 501160<br>Saipan, MP 96950 | From:  Honolulu Local Office<br>300 Ala Moana Blvd<br>Room 7-127<br>Honolulu, HI 96850 |

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 486-2007-00202 | **Raymond Griffin, Jr.,**<br>**Investigator** | (808) 541-3721 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years before you file suit may not be collectible.**

On behalf of the Commission

_____       12/4/07
Timothy A. Riera,                     *(Date Mailed)*
Director

Enclosures(s)

cc:  Koiche Sugimoto
     General Manager
     **WATABE WEDDING SAIPAN**
     P.O. Box 7451 SVRB
     Saipan, MP 96950

**EXHIBIT I**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Asuncion P. Tudela<br>Pmb 1583 Box 10005<br>Saipan, MP 96950 | From: | Honolulu Local Office<br>300 Ala Moana Blvd<br>Room 7-127<br>Honolulu, HI 96850 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 486-2007-00201 | Raymond Griffin, Jr., Investigator | (808) 541-3721 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Timothy A. Riera_ (signature)   12/4/07
Timothy A. Riera, Director   (Date Mailed)

Enclosures(s)

cc: Koiche Sugimoto
General Manager
WATABE WEDDING SAIPAN
P.O. Box 7451 SVRB
Saipan, MP 96950

EXHIBIT 2